# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 19, 2008 Session

## GREIG MASSEY, ET AL. v. R. W. GRAF, INC., ET AL.

### Appeal from the Chancery Court for Knox County
### No. 158129-1      Michael W. Moyers, Chancellor

---

### No. E2007-02474-COA-R3-CV   - FILED JUNE 26, 2008

---

Charles D. Susano, Jr., J., dissenting.

The majority focuses, as it must, on the following language in the Dean Estate's warranty deed to the University of Tennessee:

> This conveyance, however, is made subject to Restrictive Covenants applicable to all of the lots located in the Deanbrook Sub-divisions of record in book of deeds 954, page 564, in the Register's Office of Knox County, Tennessee, to which said instrument specific reference is hereby made for said conditions, limitations, reservations and restrictions.

The majority concludes that "[t]his language is susceptible to two very different meanings," one of which is, in the judgment of the majority, "that the Dean Estate [in the warranty deed] intended to have the [Deanbrook Subdivisions'] restrictive covenants apply only to the lots within the Deanbrook [S]ubdivisions." This leads the majority to "conclude that ambiguity exists." I disagree. When I give the words in the subject language their usual and ordinary meaning – as I am required to do – I do not find the warranty deed to be ambiguous. As I understand the language at hand, it cannot be construed as being limited to the conveyed lots in the platted subdivisions.

The language at issue addresses "[t]his conveyance." The only reasonable interpretation of these two words is that they refer to the conveyed platted lots in the Deanbrook Subdivisions and the conveyed acreage outside the platted subdivisions. This is what was "convey[ed]." There can be no doubt about this.

"This conveyance" – hence, both the platted lots and the acreage outside the Deanbrook Subdivisions – is stated in the warranty deed to be "made subject to." To me this clearly means that

*all* of the real property conveyed to the University of Tennessee was burdened with something. We have all experienced transactions, sales, or what-have-you that are stated to be "subject to" terms and conditions. In some instances, those "terms and conditions" are not expressed in the document itself, but, in such a case, we are usually told where they can be found. In any event, what we know in such a situation is that there are terms and conditions and the transaction or sale is subject to them. In the case now before us, the "subject to" material is clearly and unambiguously defined as the restrictive covenants that can be found in Book of Deeds 954, page 564, in the Register's Office of Knox County.

In my opinion, the Dean Estate said what it meant and meant what it said. I do not understand how the subject language can be reasonably interpreted to mean that only a *portion* of "[t]his conveyance" is subject to the restrictions. I would hold that the plaintiffs' contention regarding the subject language is correct; vacate the trial court's grant of summary judgment; and remand for further proceedings.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE